**In re John K. PHILIPPI, Joann Philippi, Debtors.**

**AMERICAN GENERAL FINANCE, INC., Plaintiff,**

**v.**

**John K. PHILIPPI, Joann Philippi, Defendants.**

**Bankruptcy No. 97–60051. Adversary No. 97–6085.**

United States Bankruptcy Court, N.D. Ohio.

Oct. 15, 1997.

Steven Schwartz, American General Finance, Inc., Canton, OH, for Plaintiffs.

R. Louis Smith, Canton, OH, for Defendants.

## MEMORANDUM OF DECISION

JAMES H. WILLIAMS, Chief Judge.

Pending before the Court is the Complaint of Plaintiff, American General Finance, Inc. of Dover, Ohio (American General), seeking a finding of nondischargeability of the debt of the Defendants, John and Joann Philippi, under sections 523(a)(2)(A) and (B) of Title 11 of the United States Code. A trial was conducted and the matter was taken under advisement. For the reasons stated below, American General's request for relief will be denied.

### *FACTS*

On September 16, 1996, John and Joann Philippi applied for a loan from American General, stating it was their intent to pay taxes and consolidate debt with the proceeds of the loan. American General loaned Mr. and Mrs. Philippi $3,239.85 of which a net disbursement of $3,000.00 was given to them on September 18, 1996. Mr. and Mrs. Philippi failed to make any payments on the loan

and subsequently filed a petition for relief under Chapter 7 of Title 11 of the United States Code on January 9, 1997.

American General filed a complaint on April 18, 1997, alleging that Mr. and Mrs. Philippi owed a balance of $4,131.32 which is nondischargeable pursuant to section 523(a)(2)(A) and (B) of Title 11 of the United States Code (Bankruptcy Code). The plaintiff maintains that Mr and Mrs. Philippi did not disclose on their loan application the extent of their debt obligations, thereby inducing American General to approve the loan. American General alleges that it reasonably relied to its detriment upon the written disclosure of debts by Mr. and Mrs. Philippi on their loan application.

The plaintiff presented testimony at trial that Mr. and Mrs. Philippi did not list debt obligations owing to Sears Roebuck & Co. and the Internal Revenue Service in the sum of $7,100.00 on their loan application. Furthermore, American General conducted a Fed.R.Bankr.P. 2004 examination of Mr. and Mrs. Philippi on April 11, 1997 in which Mr. and Mrs. Philippi admitted they had debt obligations which they failed to disclose on their loan application. A witness for American General testified that a list of creditors is provided on the back of the loan application and this list is referred to on the front of the application. The plaintiff further alleged that Mr. and Mrs. Philippi misstated the value of a 1989 Chevrolet Beretta at $4,500.00 when, in fact, the automobile was only worth a maximum of $1,000.00. The plaintiff, however, did not present for testimony the loan officer who took Mr. and Mrs. Philippi's loan application and the witnesses for American General who did testify could not recall if the loan application was taken over the telephone or in person.

Mr. and Mrs. Philippi deny making a written disclosure of any debts on their loan application. Both Mr. and Mrs. Philippi testified under oath that they did not recall any other documents being attached to the loan application and deny ever seeing a list of creditors on the back of the loan application. Furthermore, Mr. and Mrs. Philippi deny placing a value of $4,500.00 on their automobile on the Loan application. Mr. and Mrs.

Philippi also testified that American General knew they owed the Internal Revenue Service $5,900.00 and significant amounts of debt to other creditors, but still loaned them $3,239.85. There was also testimony by Mr. and Mrs. Philippi that the loan application was taken over the telephone and they were required to appear at American General only to sign the loan application because Mr. Philippi had a prior working relationship with American General. No evidence has been presented to establish conclusively who, in fact, filled out the loan application.

## DISCUSSION

The Court has jurisdiction in this proceeding by virtue of 28 U.S.C. § 1334(b) and General Order No. 84 entered in this district on July 16, 1984. This is a core proceeding under § 157(b)(2)(I). This Memorandum of Decision constitutes the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Under section 523(a)(2)(A) and (B), a discharge under 11 U.S.C. § 727 does not discharge an individual debtor from any debt:

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

(B) use of a statement in writing—

(i) that is materially false;

(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive;

### 1. Dischargeability under 11 U.S.C. § 523(a)(2)(A)

The United States Supreme Court has instructed that only "honest but unfortunate" debtors should be afforded a "fresh

start" in bankruptcy. *Grogan v. Garner*, 498 U.S. 279, 287, 111 S.Ct. 654, 659, 112 L.Ed.2d 755 (1991). To except a debt from discharge under section 523(a)(2)(A), a creditor must prove (1) that the debtor obtained money, property, services, or an extension, renewal, or refinancing of credit, (2) through a material misrepresentation, (3) that the debtor knew said misrepresentation was false or that the misrepresentation was made with gross recklessness as to its truth, (4) that the debtor intended to deceive the creditor, (5) that the creditor justifiably relied on the false representation, and (6) that its reliance was the proximate cause of loss. *Field v. Mans*, 516 U.S. 59, 60–62, 116 S.Ct. 437, 439, 133 L.Ed.2d 351 (1995)(establishing that the proper standard is justifiable reliance rather than reasonable reliance); *Longo v. McLaren (In re McLaren)*, 3 F.3d 958, 961 (6th Cir. 1993) (citations omitted). The so-called fraudulent debt exception, as with others enumerated in section 523, is to be strictly construed in favor of the debtor. *Gleason v. Thaw*, 236 U.S. 558, 562, 35 S.Ct. 287, 289, 59 L.Ed. 717 (1915); *Manufacturer's Hanover Trust Co. v. Ward (In re Ward)*, 857 F.2d 1082, 1083 (6th Cir.1988). The creditor bears the burden of proof as to each of these elements by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. at 286, 111 S.Ct. at 659.

American General asserts that Mr. and Mrs. Philippi did not truthfully disclose the extent of their debt obligations on the loan application and never had the intent or ability to repay. American General, however, has presented inconclusive evidence to show that Mr. and Mrs. Philippi intended to deceive American General when failing to list all of their creditors on the loan application.

It is clear that Mr. and Mrs. Philippi did receive the $3,000.00 loan from American General and knew that this loan would have to be repaid with interest. However, an essential factor in determining if Mr. and Mrs. Philippi's debt to American General is nondischargeable under section 523(a)(2)(A) of the Bankruptcy Code turns on whether the Philippis knew that they would not be able to repay the loan and intended to deceive American General.

Under section 523(a)(2)(A) of the Bankruptcy Code, American General must establish that Mr. and Mrs. Philippi acted with an intent to deceive. *Coman v. Phillips (In re Phillips)*, 804 F.2d 930, 932 (6th Cir. 1986) However, since debtors will rarely disclose any indication of deceitful conduct, proving intent to deceive may be inferred from an evaluation of the evidence as a whole. This includes consideration of circumstantial evidence. *Germain Lincoln Mercury of Columbus, Inc. v. Begun (In re Begun)*, 136 B.R. 490, 496 (Bankr.S.D.Ohio 1992).

When applying these standards in this case, it is evident that American General has not met its burden in establishing, by a preponderance of the evidence, Mr. and Mrs. Philippi's intent to deceive. American General did not present the testimony of the loan officer who took Mr. and Mrs. Philippi's loan application to determine if there were material misrepresentations made by the Philippis concerning the number of their creditors or the value of the automobile. Mr. and Mrs. Philippi testified under oath that American General knew of their debts owed to the Internal Revenue Service and to other creditors. In fact, the stated purpose for the loan listed on the loan application was for federal taxes and debt consolidation. Furthermore, both Mr. and Mrs. Philippi forcefully stated that they had never seen or filled out the back of the loan application which lists the creditors and the assets which the applicant pledges as collateral for the loan. American General did not provide evidence that Mr. and Mrs. Philippi filled out the loan application but merely that they signed it. In light of these factors, the Court concludes that Mr. and Mrs. Philippi had no intent to deceive American General.

Furthermore, American General has not established that it justifiably relied upon Mr. and Mrs. Philippi's alleged false representations and that such reliance was the proximate cause of American General's loss. *In re Phillips*, 804 F.2d at 932. After the United States Supreme Court announced its decision in *Field v. Mans, supra*, the Sixth Circuit's standard for reviewing cases

arising under 11 U.S.C. § 523(a)(2)(A) as announced in *In re Phillips,* was effectively changed in one regard—the required degree of reliance was received from reasonable to the less demanding standard of justifiable reliance. *Blascak v. Sprague (In re Sprague),* 205 B.R. 851, 862 (Bankr.N.D.Ohio 1997) Accordingly, a plaintiff has met the new standard of justifiably reliance if the plaintiff was justified in relying upon representations whose falsity, although ascertainable from some investigation, are nevertheless not ascertainable from a cursory glance or appearance to one of like knowledge and intelligence. *Field v. Mans,* 516 U.S. at 70–72, 116 S.Ct. at 444.

American General has not satisfied this standard. A cursory inspection of Mr. and Mrs. Philippi's loan application would reveal that the purpose of the loan was to pay federal taxes and consolidate debts. A loan officer for American General should have realized that the Internal Revenue Service was not listed as a creditor on the loan application. This omission should have alerted American General to make a further investigation of Mr. and Mrs. Philippi's credit history. Further, Mr. and Mrs. Philippi testified under oath that American General knew they owed the Internal Revenue Service $5,900.00 and significant amounts of other debt, yet loaned them $3,239.85. For the reasons outlined herein, American General was not justified in relying upon Mr. and Mrs. Philippi's representations to the extent such were made. Based on these factors, the Court concludes that American General is not entitled to recovery under section 523(a)(2)(A) of the Bankruptcy Code.

> *2. Dischargeability under 11 U.S.C. § 523(a)(2)(B)*

A successful cause of action under section 523(a)(2)(B) of the Bankruptcy Code requires a creditor's reliance on a debtor's written statement of his financial condition that is materially false and made with the intent to deceive. 11 U.S.C. § 523(a)(2)(B). The Court must take into account whether the debtor possessed an intent to deceive or acted with gross recklessness. *Martin v. Bank of Germantown (In re Martin)* 761 F.2d 1163, 1167 (6th Cir.1985). In this case,

American General claims that Mr. and Mrs. Philippi's loan application meets the requirements of section 523(a)(2)(B) because it did not include all of the debts that were known to Mr. and Mrs. Philippi at the time the application was made.

American General failed to prove this claim by a preponderance of the evidence. As found above, American General did not present the testimony of the loan officer who took Mr. and Mrs. Philippi's loan application to determine if there were material misrepresentations made by the Philippis concerning their debt obligations or the value of their collateral. Mr. and Mrs. Philippi testified under oath that American General knew of the debts owed by them to the Internal Revenue Service and to other creditors. Furthermore, Mr. and Mrs. Philippi have forcefully stated that they neither saw nor filled out the back of the loan application which lists the loan applicant's creditors and pledged collateral. In fact, a witness for American General could not recall if the loan application was taken in person or by telephone. Based on these factors, the Court concludes that Mr. and Mrs. Philippi did not intend to deceive American General. American General is not entitled to recovery under section 523(a)(2)(B) of the Bankruptcy Code.

### *CONCLUSION*

The Court finds that American General has failed to meet its burden of proof under sections 523(a)(2)(A) and (B) of the Bankruptcy Code. The Court therefore concludes that American General's prayer for relief must be DENIED.